UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VIRGINIA TRANSFORMER CORP.,

                Plaintiff,                25-MC-6003 (MAV)

vs

NFE FLNG 2, LLC,                        ORDER

                Defendant.

---

This matter is presently before the Court on Plaintiff Virginia Transformer Corp.'s motion asking this Court to hold Defendant NFE FLNG 2, LLC in contempt, to compel Defendant to comply with Plaintiff's deposition and information subpoena, and to award Plaintiff reasonable attorneys' fees. ECF No. 2. For the reasons that follow, Plaintiff's motion is granted in part, and denied in part.

## BACKGROUND

In April 2025, the United States District Court for the Western District of Virginia entered judgment in Plaintiff's favor against Defendant in the sum of $3,433,167.00, plus pre-judgment interest at the rate of 6% per annum. ECF No. 1. In May 2025, Plaintiff registered that judgment in this District. ECF No. 1. Under 28 U.S.C. § 1963, "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

Accordingly, Plaintiff served Defendant by certified mail with a deposition and information subpoena under New York Civil Practice Law and Rules ("CPLR") 5224. ECF Nos. 2-3, 2-4. However, Defendant did not answer the subpoena, and did not

1

appear for a deposition. ECF No. 2. Plaintiff asks the Court to hold Defendant in contempt, compel Defendant to answer the information subpoena and to appear for a deposition, and to award Plaintiff attorney fees for this motion. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of" the execution of a judgment, "the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). New York law allows a judgment creditor to serve three different types of subpoenas: deposition subpoenas, subpoenas duces tecum, and information subpoenas. *See* CPLR § 5224(a)(1)–(4); *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-7505, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016).

CPLR 5224(a)(3)(iv) provides that a judgment creditor's remedy for the judgment debtor's failure to comply with an information subpoena served by the creditor is governed by CPLR 2308(b). CPLR 2308(b) states, in pertinent part:

> Unless otherwise provided, if a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move [the court in which the judgment was entered] to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply . . . ."

*See also Ferrara v. Metro D Excavaction & Found., Inc.*, No. 10 CV 4215 (SLT)(LB), 2012 WL 13055582, at *1 (E.D.N.Y. Feb. 22, 2012) (discussing an alternative means of pursuing a motion to compel under Rule 37 of the Federal Rules of Civil Procedure).

Courts have found that CPLR 2308(b)'s reference to "damages sustained by reason of the failure to comply" includes reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena. *See Buffalo Laborers Welfare Fund v. Leone Constr., Inc.*, No. 1:18-CV-544-EAW-JJM, 2021 WL 5119720, at *2 (W.D.N.Y. Nov. 4, 2021) (citing *Giuliano v. N.B. Marble Granite*, 2014 WL 2805100, *4 (E.D.N.Y. 2014)).

## DISCUSSION

Here, Plaintiff has submitted a declaration of attorney William E. Brueckner (ECF No. 2-1), a copy of the deposition and information subpoena (ECF No. 2-3), and proof of service of the subpoena in the form of a certified mail return receipt (ECF No. 2-4) in support of its motion.

Attorney Brueckner's declaration states, and the proof of service shows, that the subpoena was served on NFE FLNG 2 LLC by certified mail on June 27, 2025. ECF No. 2-4. Upon review of the documents, the Court is satisfied that the subpoena was properly served and that its content complies with CPLR 5224. *See Buffalo Laborers Welfare Fund v. Leone Constr., Inc.*, 2021 WL 5119720, at *1 (finding service of an information subpoena by certified mail to comply with CPLR 5224). Further Attorney Brueckner attests that Defendant did not object or otherwise respond to the subpoena. ECF No. 2-1 at ¶ 6. Therefore, Plaintiff's motion to compel must be granted. *Am. Builders & Contractors Supply Co. v. CR1 Contractinc, LLC*, No. 6:20-CV-06302 EAW, 2022 WL 16734684, at *2 (W.D.N.Y. Nov. 7, 2022).

However, "federal standards govern the determination of contempt . . . meaning – among other things – that before contempt sanctions are imposed on a

non-party, the violation of a court order is also generally required." *Brentlor, Ltd. v. Schoenbach*, No. 13CV6697JGKBCM, 2018 WL 5619951, at *3 (S.D.N.Y. Jan. 9, 2018) (internal citations and quotation marks omitted). In addition, due process requires that the person receive notice and an opportunity to be heard. *Sanchez v. Pathmark Stores, Inc.*, No. 04CIV1159GBDRLE, 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009). Because neither of those conditions appear to be true in the present case, Plaintiff's request for contempt sanctions is denied without prejudice.

Lastly, the Court notes that the burden is on the party seeking a fee award to prove that the requested fees and hours are reasonable. *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012). Though Plaintiff's motion asks the Court to award Plaintiff its costs, including reasonable attorneys' fees, Plaintiff does not request a specific amount or include any information regarding time or billing rates. *See, e.g., Am. Builders & Contractors Supply Co.*, 2022 WL 16734684 at *2 ("Plaintiff has provided billing records including information identifying the timekeeper, hours worked, hourly rate, and billed amount."). Consequently, Plaintiff's request for costs and fees is also denied without prejudice.

## ORDER

For the foregoing reasons, Plaintiff's motion to compel (ECF No. 2) is granted in part, and denied in part. Accordingly, it is hereby

ORDERED that Plaintiff serve a copy of this order on Defendant, along with another copy of the deposition and information subpoena, with times and dates updated as appropriate; and it is further

ORDERED that Defendant answer the written questions propounded with the Plaintiff's information subpoena within 21 days of receipt of the information subpoena, unless Plaintiff agrees in writing to allow additional time; and it is further

ORDERED that Defendant appear for a deposition upon oral examination at a place and time specified by Plaintiff, which is to be not more than 10 calendar days after the answers to the information subpoena are provided, unless Plaintiff agrees in writing to allow additional time.

SO ORDERED.

DATED:   October 3, 2025
         Rochester, New York

                                              _____
                                              HON. MEREDITH A. VACCA
                                              United States District Judge